THE AMERICAN BAPTIST HOME MISSION SOCIETY, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

*Número*: G-66-5      *Resuelto*: 15 de febrero de 1967

44

*Jorge Souss,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El Registrador recurrido denegó la inscripción de una escritura en que se convino la venta de dos fincas, la constitución de hipoteca por precio aplazado, una segregación de una de ellas y la concesión de una servidumbre por haberse consignado la cantidad de $352 ($^1$) en sellos de rentas internas y no la totalidad de los derechos montante a $651; que los sellos de rentas internas deben calcularse sobre la cuantía

_____

(1)Explica la recurrente que al volver a calcular los sellos de rentas internas en este caso a los efectos de la radicación del presente recurso "nos hemos percatado que el total de derechos es $357 y no $352 remitidos al Registro de la Propiedad."

resultante de la suma de los precios de venta y las cantidades garantizadas con hipoteca. No tiene razón el Registrador.

La controversia surge de una divergencia de criterio entre las partes en la interpretación del segundo párrafo de la Norma Tercera del Art. 2 del Arancel de Registro de la Propiedad, según la Ley Núm. 67 de 20 de junio de 1963 (30 L.P.R.A. sec. 1767(b)) que dispone lo siguiente:

"Tercera.—Para el efecto de graduar los derechos arancelarios, se entiende por valor de las fincas o derechos gravados con hipotecas, el precio por el que se trasmite más el que representen las hipotecas que quedan subsistentes.

"Si una finca gravada con una o más hipotecas se dividiere, se entenderá por valor de la finca dividida, al efecto antedicho, el precio de su trasmisión más el que representen las hipotecas subsistentes, conforme a la distribución que se haga, y sin perjuicio de lo dispuesto en la sec. 219 de este título. *No obstante, cuando se trate de fincas o derechos trasmitidos en ventas con precio aplazado garantizado con hipoteca, se cobrarán los derechos sobre el precio fijado a la venta sin incluir el valor de la hipoteca, y se cobrarán por separado los derechos de dicha finca hipotecada, respecto a la cantidad que la misma asegure, sus intereses y demás prestaciones.* Lo dispuesto en el párrafo anterior se aplicará a todos los casos de trasmisión de fincas o derechos en que el precio de los mismos quede, total o parcialmente, aplazado y garantizado con hipoteca." (Énfasis nuestro.)

El Registrador en efecto insiste en calcular los sellos de rentas internas de acuerdo con el criterio que prevalecía bajo el arancel anterior (Julio César González, *Teoría y Práctica de la Redacción de Instrumentos Públicos*, pág. 82), provisto por la Ley Núm. 3 de 2 de sept. de 1955, que disponía lo siguiente: (30 L.P.R.A. sec. 1716).

"NÚMERO SIETE

"*Para el efecto de graduar los honorarios, se entiende por valor de las fincas que están gravadas con hipotecas, el precio por el que se transmita, más el que representen las hipotecas cuando queden subsistentes; Disponiéndose,* que cuando se divida

en varias una finca gravada con hipotecas subsistentes, se entenderá por valor de dichas fincas divididas, el precio por el que se transmitan, más el que represente el importe de dichas hipotecas distribuido entre las mismas." (Énfasis nuestro.)

A los fines de un mejor y cabal entendimiento de la cuestión planteada en este recurso, veamos cómo se hubiera calculado la cuantía de derechos registrales con respecto a las operaciones objeto de este recurso bajo el arancel anterior al provisto por el Art. 2 de la Ley Núm. 67 antes citada. De acuerdo con este arancel, el Registrador hubiera cancelado sellos de rentas internas sobre los precios de $167,000 y $20,000 de las dos fincas en cuestión. En adición, hubiera cobrado derechos registrales sobre la cuantía de la hipoteca de $122,333.33 más intereses y $9,000 de costas y honorarios de abogado en el caso de una finca y sobre $11,000 más intereses y $1,000 de costas y honorarios de abogado que son las cantidades garantizadas hipotecariamente por la otra propiedad.

Sostiene el recurrente, sin embargo, que la Norma Tercera del Art. 2 de la Ley Núm. 67 antes transcrita, determina específicamente cómo se deben calcular los derechos registrales en el caso ante nos. Informa que por tratarse de ventas de fincas con precio aplazado garantizado hipotecariamente, contrario a los casos indicados en los dos párrafos anteriores de esta opinión, se deben cobrar derechos en este caso sobre los precios fijados a las ventas sin incluir el valor de las hipotecas, y separadamente, sobre las cantidades que las fincas aseguren, sus intereses y demás prestaciones.

Arguye el Registrador que el aceptar la interpretación de la recurrente "resultaría un gran detrimento y en gran perjuicio a los intereses del Estado," pues en casos en que las cuantías envueltas fuesen considerables y el pronto pago del precio de venta fuese mínimo se podría inscribir la venta mediante la cancelación de sellos por sólo el pago inicial-

mente realizado; que la ley arancelaria debe ser uniforme en su aplicación y no lo sería bajo la interpretación de la recurrente de la disposición arancelaria en cuestión.

■ No pueden justificarse ni el resultado que anticipa el Registrador ni la falta de uniformidad alegada, pues en los casos de ventas con precio aplazado garantizado con hipoteca cuya inscripción no se solicita, habría que cancelar sellos por el precio total de venta, y no por el pronto pago solamente. La disposición de la Norma Tercera del Art. 2 del Arancel de Registro, *supra*, cubre *ventas con precio aplazado garantizado con hipoteca*. En los casos en que se tratara de inscribir la venta de inmuebles y no la garantía hipotecaria del precio aplazado no se pueden cancelar sellos de acuerdo con la referida disposición, pues en derecho no habría hipoteca válida hasta que la misma se inscribiese (Art. 146 de la Ley Hipotecaria—30 L.P.R.A. sec. 259). De manera que en realidad sólo se estaría inscribiendo una venta con parte de su precio aplazado. Por lo tanto, en estos casos habría que calcular el arancel registral sobre la totalidad del precio de venta convenido en la escritura.

Convenimos con la recurrente en que al enmendarse la disposición del párrafo siete de la ley arancelaria que prevaleció hasta el 1963, la práctica de cancelar sellos de rentas internas sobre la base del precio total de la venta y separada y adicionalmente por el monto del precio aplazado y otras cantidades con hipoteca no podía subsistir, pues el propósito legislativo de adoptar la referida Norma Tercera fue precisamente el de cambiar esa práctica. En su informe a la Cámara de Representantes sobre el Proyecto de la Cámara Núm. 778 que luego se convirtió en la Ley Núm. 67 de 1963, antes citada, dijeron las Comisiones de lo Jurídico y de Hacienda de ese alto cuerpo que: (*Diario de Sesiones*, vol. 17, tomo 4, pág. 1944.)

"2.—En los casos de fincas vendidas con precio aplazado, garantizado con hipoteca, cambia la regla establecida de cobrar separadamente por el montante total de la hipoteca. Solamente se cobrarán derechos separados por el montante total de la venta, excluyendo el precio aplazado, y por el montante de la hipoteca del precio aplazado, lo que es equivalente a cobrar los derechos del montante que resulte una sola vez."

■ El lenguaje de la nueva disposición provee específicamente que en los casos de venta con hipoteca por precio aplazado, se cobrarán los derechos sobre el precio fijado a la venta *sin incluir el valor de la hipoteca*. En el caso ante nos una de las fincas se vendió por $167,200 y la otra por $20,000. Se convino que la finca vendida por $20,000 garantizaría hipotecariamente la suma de $11,000 del precio aplazado más intereses y $1,000 para costas, gastos y honorarios de abogado, y la otra garantizaría $122,333.33 del precio aplazado más intereses y $9,000 de costas, gastos y honorarios de abogado. Por lo tanto, los derechos de inscripción a cobrarse, en cuanto a las fincas en cuestión, deben calcularse sobre $9,000 y $44,866.67 que a los fines registrales son los precios de venta de las mismas *sin incluir el valor de la hipoteca*. Luego dispone el nuevo arancel de 1963 que *se cobrarán por separado los derechos de dicha finca hipotecada con respecto a la cantidad que la misma asegure, sus intereses y demás prestaciones*. En el caso de la finca de menor precio deben calcularse aproximadamente los derechos sobre las cantidades aseguradas con hipoteca que son la suma de $11,000, más intereses, más los $1,000 de gastos, desembolsos y honorarios de abogado. Los derechos con respecto a la finca de mayor precio se deben calcular separadamente sobre las cantidades que la finca asegura, que son la suma de $122,333.33, más intereses, más $9,000 de gastos, desembolsos y honorarios de abogado. Sólo así se puede cumplir con el propósito legislativo de "cobrar los derechos del mon-

tante que resulte una sola vez" y al mismo tiempo acatar la disposición clara del estatuto arancelario.(2)

■ En la escritura que motiva este recurso se constituyó una servidumbre de paso a la cual se le dio el valor de un dólar ($1.00) a los fines de su inscripción en el Registro de la Propiedad. La recurrente indica en su alegato que de acuerdo con el Arancel Núm. Dos(a)—30 L.P.R.A. sec. 1767a—la inscripción de dicho derecho devenga un dólar. No tiene razón. Devenga cinco dólares. El valor así arbitrariamente fijado no constituye el valor real y efectivo de la referida servidumbre y, por lo tanto, debemos concluir que dicho valor no surge del documento. En estas circunstancias aplica la Norma Novena del Art. 2 del arancel—30 L.P.R.A. sec. 1767(b)—que dispone que cuando no surge el valor del documento "se cobrarán cinco dólares por tales asientos."

*Por lo tanto, se revocará la nota del Registrador en este caso y se ordenará que se cobren los derechos arancelarios con respecto a las operaciones registrales en cuestión en forma consistente con lo aquí previamente expuesto.*

El Juez Asociado Señor Hernández Matos disintió.

---

(2)La Ley Núm. 38 de 14 de junio de 1966 enmendó la referida Norma Tercera del art. 2 de la Ley Núm. 67 de 1963 objeto de discusión en este caso pero la disposición de la misma en controversia en este recurso no fue alterada o modificada en forma alguna y su texto que es el mismo que se copia en esta opinión continúa en toda su fuerza y vigor.